IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AUDENAGO LOPEZ-LIMON,<br>Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:12-CV-469-Y |
| REBECCA TAMEZ, WARDEN,<br>FCI-Fort Worth,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Audenago Limon-Lopez, Reg. No. 46104-179, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. Procedural History

In 2010 petitioner was convicted of attempting to possess with intent to distribute cocaine and aiding and abetting in the San Antonio Division of the United States District Court for the Western District of Texas. (Pet. Attach.) Petitioner continues to serve his 150-month term of imprisonment in FCI-Fort Worth, which is located in this district. On February 8, 2011, a detainer was lodged against petitioner by Immigration and Customs Enforcement (ICE). (Resp't App. at 1) Petitioner complains that the detainer is discriminatory because he is a United States citizen and the detainer prevents him from eligibility for release to a halfway house, RDAP, and other benefits offered to citizens similarly situated. (Pet. at 4-5) The detainer was cancelled on July 17, 2012, after the instant petition was filed, and the Bureau of Prisons (BOP) has removed the detainer from its records. (Resp't App. at 3-7) The government has moved for dismissal of the petition as moot. (Resp't Ans. at 1-2)

## D. Discussion

This court does not have the power under Article III of the Constitution to decide the merits of a case that is moot when it comes before the court. *See Goldin v. Bartholow,* 166 F.3d 710, 717 (5th Cir. 1999). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *McClelland v. Gronwaldt,* 155 F.3d 507, 514 (5th Cir. 1998) (internal quotations, footnote, and brackets omitted), *overruled on other grounds, Arana v. Ochsner Health Plan,* 338 F.3d 433, 440 & n.11 (5th Cir. 2003) (en banc).

Because ICE has cancelled its detainer and the BOP has removed the detainer from petitioner's records, the court can no longer provide petitioner with that relief. Thus, the undersigned agree's that petitioner's claim is now moot. *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987).

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus under § 2241 be dismissed with prejudice as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November __6__, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November __6__, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

3

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October __16__, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE